Jatinder **SINGH**, Petitioner,

v.

Loretta E. **LYNCH**, Attorney General, Respondent.

No. 14–71031

United States Court of Appeals, Ninth Circuit.

Submitted May 24, 2016 *

FILED June 1, 2016

Garish Sarin, Esquire, Attorney, Law Offices of Garish Sarin, Los Angeles, CA, for Petitioner.

Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, Robbin Kinmonth Blaya, Esquire, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

MEMORANDUM **

Jatinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Tor-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

ture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). We dismiss in part and deny in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Singh's testimony and his declaration regarding alleged police visits and Singh's father's party affiliation. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination reasonable under the "totality of circumstances"). Singh's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Singh's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Singh's CAT claim also fails because it is based on the same statements the agency found not credible and Singh does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the acquiescence of the government if returned to India. *See Almaghzar v. Gonzales*, 457 F.3d 915, 923 (9th Cir. 2006). We do not have jurisdiction to review Singh's contention that the agency failed to consider country conditions evidence in evaluating his CAT claim because he did not raise this issue to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004) (no jurisdiction over claims not presented below). We reject Singh's contention that the agency's CAT analysis was deficient. Thus, Singh's CAT claim fails.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**